

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHGAN
SOUTHERN DIVISON

ANDRE DEWIGHT WEST

V.

Case: 2:23-cv-12757
Judge: Michelson, Laurie J.
MJ: Grand, David R.
Filed: 10-30-2023
CMP WEST VS CITY OF EASTPOINTE ET AL (DP)

CITY OF EASTPOINTE, a
municipal corporation,

JURY TRIAL DEMANDED

EASPOINTE POLICE OFFICER D.
DECKER, in his individual and official Capacity.

ALAA HUSSEIN, in his individual and
official Capacity.

DET/SGT JOSHUA IGNACE, in his official and
individual capacity,

DEPUTY CHIEF/ FIRE
MARSHAL ALTON POLK, in his
individual and official Capacity.

EASTPOINTE CITY ZONING AND PLANNING
ADMINISTRATOR BRIGITTI SMITH, in her individual
and official Capacity.

## COMPLAINT FOR DECLARATORY, INJUNCTIVE, AND COMPENSATORY RELIEF, WITH A JURY TRIAL DEMAND

1. This civil-rights action seeks to vindicate the First, Fourth, Fifth, and

Fourteenth Amendment rights of Andre Dewight West, and his right to enjoy and

use personal and/or private property, which was locked up on September 15, 2023,

1

under the authority of the City of Eastpointe's Fire Chief, without issuance

of a fire code, criminal or civil citation.

2.  Plaintiff, Andre Dewight West, in pro per, brings this civil-right's lawsuit

under the First, Fourth, Fifth, and Fourteenth Amendments to the United States

Constitution, 42 U.S.C. § 1983, "*Monell* Claim", and the Declaratory Judgment

Act, 28 U.S.C. §§ 2201-02.

3.  Plaintiffs not only seeks declaratory relief and compensatory damages,

Plaintiff also seeks injunctive relief against all Defendants' selective enforcement,

conduct, application, and/or implementation of the PACC 802. 04, (A), IFC Code

(A) 105. 3.3, zoning ordinances, and other City of Eastpointe codes and regulation

to the extent that these statutes and/or local ordinances, regulations, or selective

enforcement and implementations, practices, customs and/or policies abridge

Plaintiff's Constitutional rights names herein.

4.  This Court has subject-matter jurisdiction under 28 U.S.C. §§ 1331 and

1343.

5.  Venue lies in this Court under 28 U.S.C. § 1391(b).

## PARTIES

6.  Plaintiff is the owner of the property located at 21901 Kelly Rd, East

-pointe, Michigan 48021.

7.  Defendant Officer Daniel Decker, in his official and individual capacity is Eastpointe's finest and/or Police, whose address of business is 16083 E. 9 Mile Road, Eastpointe, MI 48021.

8.  Defendant D. Decker's partner, Alaa Hussein, in his official and individual capacity, whose address of business is 16083 E. 9 Mile Road, Eastpointe, MI 48021.

9.  Defendant Det/Sgt. Joshua Ignace, in his official and individual capacity, whose address of business is 16083 E. 9 Mile Road, Eastpointe, MI 48021.

10. Defendant Alton Polk is the City of Eastpointe's Deputy Chief Fire Marshall, who is being sued in his official and individual capacity maintains an address of 16370 Nine Mile Road, Eastpointe 48021.

11. Unknown Defendant Eastpointe Police Officers', who accompanied the Deputy Chief Fire Marshall, entering Plaintiff's property in order to intimidate Plaintiff are being sued in their official and individual capacity, whose address of business is 16083 E. 9 Mile Road, Eastpointe, MI 48021

12. Unknown Defendant Eastpointe Fire Fighters, who opened Plaintiff door and accompanied the Chief and police in Plaintiff property, and/or assisted the Deputy Fire Chief's warrantless search, seizure and Trespass, are being sued in

3

their official and individual capacity, whose business address is 16370 Nine Mile Road, Eastpointe 48021.

13. Defendants Brigitte Smith is the Zoning Administrators for the city of Eastpointe who maintains a business address of 23200 Gratiot Ave. Eastpointe Michigan 48021.

14. City of Eastpointe is a municipal corporation whose central address is 23200 Gratiot Ave. Eastpointe Michigan 48021.

## HISTORY AND DETAILS

15. On July 31, 2023, Plaintiff purchased the property and assets located at 21901 Kelly Rd, Eastpointe, Michigan 48021, for $516,000.00-plus, cash. (**Exhibit A**)

16. When Plaintiff purchased 21901 Kelly Rd. from the previous owner, Plaintiff envisioned the property to be more than just a bar/night club/ dance hall/ event space rental/ or restaurant, which was what the previous owner was using, operating, and/or occupying the property as.

17. Plaintiff envisioned his property to be a means to support his children, household, and relatives, a place where people of all races, beliefs and preferences can assemble, work, congregate, speak, forum, express themselves, party, dance,

4

karaoke, spoken word, gospel rap, share religious ministry, drink alcohol, play live music and instruments, speak or sing on microphone, give praise, or pray, enjoy themselves, on a stage, standing up, or seating down, free from embarrassment, shame, ridicule or critics, safely, and if so desired.

18. Plaintiff, who is also a Chrysler worker, and has been for over 10 years, planned to provide a dance venue and/or lounge that cater to the public, in addition to, FORD, GM, CHRYSLER, TEAMSTERS, and UAW workers, providing them with a venue for specific events, discounts and incentives for patronizing the location, which would generating revenue for surrounding business, proving jobs to locals, cutting down on the loud musical event and activities outside that were previously occurring at the location, which caused discomfort to the elderly and working adults within the immediate and surrounding neighborhood and/or commu -nities.

19. This was exactly what was observed by the City of Eastpointe's agents on September 8th, 9th, and 15th of 2023, which body Cam evidence will show.

20. On September 8, 2023, on or around 10:30pm, City of Eastpointe Police Officer D. Decker, and Officer Alaa Hussein came to 21901 Kelly, based on the instructions of Det/Sgt Joshua Ignace and/or based on a "hearsay" call Eastpointe

dispatchers may have received from an unknown caller, who falsely stated that Plaintiff was open for business as a bar, selling liquor without a liquor and without a business license approved by the City of Eastpointe under PACC 802. 04, and that Plaintiff occupied the property in violation of IFC Code (A) 105.3.3.

21. On September 8, 2023, when speaking to Plaintiff's Employee/ Aunt, Eastpoint Officer D. Decker inquired as to whether the business maintained a business license with the City of Eastpointe, in order to open its doors, and invite people in, which Plaintiff's Aunt had no knowledge of.

22. On September 8, 2023, after Eastpointe Officers had a long conversation with Plaintiff's Employee/ Aunt, and after ending their light warrantless search, look around, and/or investigation of what was going on inside 21901 Kelly Rd, Eastpointe Officer D. Decker and Alaa Hussein left the premises, without incident.

23. But, on September 9, 2023, at 1:08 AM, those same Eastpointe Officers, D. Decker, and Alaa Hussein returned with testers to test cups of patrons for alcohol, searched around the premises and behind the bar for alcohol, made Plaintiff's assembly, which was peaceful, disburse and/or leave. All of which was done without a warrant supported by Oath, Probable Cause, or affording Plaintiff with due process before his guest were forcefully made to leave the premises, and plaintiff made to shut down.

24. On September 9, 2023, Officer D. Decker informed Plaintiff's Aunt that the Caller who called previously, made another call down to the City, and that the Det/Sgt Joshua Ignace forced them to come down and issue a misdemeanor ticket in Plaintiff's employee and/or Aunt's name, for two counts of violation of PACC 802. 04 and PACC 802. 04 part A. **(Exhibit B)**

25. Moving forward to September 15, 2023, Plaintiff arrived at the property of subject at about 8:20 PM, to find a business card stuck in his door, from the Deputy Chief Fire Marshall Alton Polk, from the City of Eastpointe.

26. At 8:25 PM, on September 15, 2023, Plaintiff called Eastpointe Fire Deputy Chief Fire Marshall Alton Polk, but received no answer, which gave rise to Plaintiff texting the Chief's cell.

27. At 8:40PM, on September 15, 2023, Plaintiff spoke with the Deputy Chief Fire Marshall Polk, and was informed that he received a flyer for an event that was happening allegedly on Sept 15, 2023, at 21901 Kelly Rd, from a caller who has been calling the City continuously.

28. While speaking with the Deputy Chief Fire Marshall Alton Polk, on September 15, 2023, Polk advised Plaintiff not to open its doors for the event, and that if Plaintiff did have an event it would be done in violation of IFC Code (A)

105.3.3.

29. The Deputy Chief Fire Marshall Alton Polk also specified other code violations, that plaintiff was not aware of, which the Deputy Polk knew the previous owner to be in violation of.

30. But, because of the previous owner's relationship with the Deputy Fire Chief, Mayor, and City Manager, the previous owner was allowed to circumvent and/or bypass Eastpointe's laws, codes, ordinances and/or requirement, without consequence.

31. After the Deputy Chief Fire Marshall Alton Polk advised Plaintiff of the fire codes that Plaintiff would break if in fact he opened his doors for the Sept 15, 2023 event, Plaintiff informed Deputy Fire Chief that he had a right to assemble peaceably with friends, right to economic liberty, a right of use of his personal property, and that in the event anyone from the City of Eastpoint authority comes to his property, a lawsuit will come forthwith.

32. Later on, that evening, at approximately 11:30 PM, Deputy Chief Fire Marshall Alton Polk, along with several Firemen and Officers from Eastpointe Fire and Police Departments, came to the Plaintiff's property at 21901 Kelly Rd property, without warrant, probable cause, or issuance of a complaint or citation,

searched Plaintiff property for Fire code violations, ect and made Plaintiff peaceful assembly with Friends leave the premises, all before boarding and/or locking up, and seizing Plaintiff property, under the authority of IFC Code (A) 105.3.3, as if Plaintiff committed a crime due to his exercise of use of his personal and private property, and exercise his religious practices to dance, not forsake assemble, and bless others.

33. At the time of arrival of Deputy Chief Fire Marshall Alton Polk, on September 15th, 2023, the location was calm, and fun filled. Females and Males were dancing on the dance floor, singing to music, while no alcohol was being served or found behind the bar, and only cups, ice, and food were being sold at the time.

34. In addition, while Deputy Chief Fire Marshall Alton Polk discussed issues of concern with Plaintiff's aunt/ employee, Polk informed Plaintiff's Aunt of specific details surrounding the property, such as the property did not have a sprinkler system, causing a limit on the capacity within the property, down to 100, although the previous owner, who is friends with the actual Fire Chief was allowed a 250 capacity limit, for more than 3 years, without a sprinkler system, and without consequence.

35. After being forcibly removed from his property, on 9-15-2023, on 9-18-

2023, Plaintiff was then forced to apply to the City Clerk, to establish a Business License for a Dance Hall/ Restaurant/ Lounge, schedule multiple inspections, pay -ing fees for all, although issuance of the business license to further Plaintiff's dreams envisioned in Paragraphs' 17 and 18 above, rest solely within the discretion of the City of Eastpointe, Eastpointe's Planning, Zoning, Inspectors, Deputy Fire Chief, and/or Administrators. (**Exhibit C**-Application 1)

36.  Plaintiff paid for all the fees for the application and inspections so that he could immediately regain access to his property, which was taken without due process or issuance of a Citation, finishing the business application process with Eastpointe at 3:27 PM, on 9-18-2023. (**Exhibit D**-Receipt)

37.  In less than an hour (58 min) of receiving the receipt for paying for the filing of the application for business license, with the City Clerk of Eastpointe, at 4:31PM, Plaintiff received an email from the City's Zoning Administrator Brigitte Smith, which denied Plaintiff's business license application, stating (**Exhibit E**):

*Dear Applicant:*

*We have performed a review on your submitted application for a Business License at the above referenced address. At this time the proposed use is not contingent with the zoning district and cannot be approved based off the following:*

*DANCE HALL/EVENT HALLS NOT PERMITTED IN MU-1 DISTRICT ON KELLY PER ZONING ORDINANCE.*

*You may submit a __new application with a different proposed business type__; if you wish to discuss this please contact the Planning and Zoning Department.*

*Sincerely,*
*Zoning Administrator*
*586-445-3661 ext 2241*
*planningandzoning@eastpointecity.org*

38. Ultimately, Plaintiff's property should have never been inaccessible

to him, shut down, locked up, and/or boarded up, as a result of Plaintiff's alleged:

(1) Failure to obtain a business license which requires approval by the City of Eastpointe under PACC 802.04.

(2) Failure to have an HVAC inspection done by the City of Eastpointe, although Plaintiff had a private inspection done before purchase.

(3) Failure to have a fire inspection done by the Fire Chief in accordance with IFC Code (A) 105.3.3.

(4) Failure to submit an application and pay fees for the submission of application and fees for inspection, which could be approved or denied based on the discretion of the Zoning and Planning administrators.

(5) Failure to have a business plan which conforms to unconstitutional zoning and planning ordinances of the City of Eastpointe.

(6) Failure to be the previous owner (as the previous owner operated as a dance hall/ bar/ and/or event rental space).

.

39. Again, on September 15, 2023, Plaintiff's property was boarded up,

11

locked down, and seized by Deputy Chief Fire Marshall Alton Polk, not because of alcohol related issues, violence, capacity issues, unruly assembly, or issuance of a citation, but, for failure perform under IFC Code (A) 105.3.3, and/or failure to have a City Fire inspection done, establish a Business License subject to denial or approval by the City of Eastpointe or Zoning and Planning Administrator, all before Plaintiff could enjoy, use, enter, assemble peaceably, occupy, or exercise his religion practices within his personal property.

40. On September 15, 2023, the City of Eastpointe's Deputy Chief Fire Marshall Alton Polk, never provided or afforded due process via criminal or civil proceeding, prior written notice, forum to contest, judicial or administrative court proceedings, obtain a warrant, or even issue Plaintiff a citation for an alleged violations before the taking, seizure, search, and boarding up of Plaintiff's Property located at 21901 Kelly Rd, which results in major deprivations of Plaintiff's Constitutional rights.

41. Also, the customs and/or policy of the City of Eastpointe, Zoning Admin -istrator, and/or Zoning ordinances, through Eastpointe's selective and bias enforce -ment thereof, and through its denial of Plaintiff's original business plan to do whatever he wanted within his property, violated Plaintiffs Economic liberties which encompasses the right to Earn an honest living and/or "the right to acquire,

12

use, and possess private property and the right to enter into private contracts of one's choosing." Randy E. Barnett, Does the Constitution Protect Economic Liberty?, 35 Harv. J.L. & Pub. Pol'y 5, 5 (2012).

## COUNT I
## FIRST AMENDMENT VIOLATIONS

"Congress shall make no law respecting an establishment of religion or prohibiting the free exercise thereof; or abridging the freedom of speech, or of the press; or the right of the people peaceably to assemble, and to petition the Government for a redress of grievances."

42. On September 8th, 9th 15th, or 18th of 2023, the City of Eastpointe, Deputy Chief Fire Marshall Polk, Eastpointe Police Officers, and/or Planning and Zoning Administrator under the authority of IFC Code (A) 105.3.3, Pacc 802. 04, Zoning and Planning ordinances, and other Codes, deprived and/or assisted in the deprivation of Plaintiff's First Amendment religious and economic right to work to make an honest living, congregate, not forsake assembly, dance, drink alcohol, and minister to likeminded people, without infringement or license, within his own personal /private property, in conjunction with the religious doctrine of the King James Version of the Holy Bible, which includes, but is not limited to the following:

1. (Hebrews 10:25)Not forsaking the assembling of ourselves together, as the manner of some is; but exhorting one another: and so much the more, as ye see the day approaching."

2. (1 John 1:7) - But if we walk in the light, as he is in the light, we have fellowship one with another, and the blood of Yahshua his Son cleanseth us from all sin.

3. (Ephesians 5:30) - For we are members of his body, of his flesh, and of his bones.

4. (1 Thessalonians 5:11) - Therefore encourage one another and build one another up, just as you are doing.

5. Acts 2:42 And they devoted themselves to the apostles' teaching and the fellowship, to the breaking of bread and the prayers.

6. (1 Corinthians 5:11) But now I am writing to you not to associate with anyone who bears the name of brother if he is guilty of sexual immorality or greed, or is an idolater, reviler, drunkard, or swindler—not even to eat with such a one.

7. (Romans 16:17) I appeal to you, brothers, to watch out for those who cause divisions and create obstacles contrary to the doctrine that you have been taught; avoid them.

8. (1Corinthians 12:27)Now you are the body of Christ and individually members of it.

9. (Matthew 18:20) For where two or three are gathered together in my name, there **am I in the midst of them**.

10.(Ecclesiastes 3:4)A time to weep and a time to laugh; A time to mourn and a time to **dance**.

11.(Psalm 149:3) Let them praise His name with **dancing**;

12. (2 Thessalonians 3:10) For even when we were with you, this we commanded you, that if any would not work, neither should he eat.

14

13. (Peter 3:8-22): "not returning evil for evil or reviling for reviling, but on the contrary blessing, knowing that you were called to this, that you may inherit a blessing."'

14. (Proverbs 11:25): "Those who live to bless others will have blessings heaped upon them, and the one who pours out his life to pour out blessings will be saturated with favor."

15. (Philippians 4:13) I can **do all things** through him who gives me strength.

16. (Psalm 104:14-15) He makes grass grow for the cattle, and plants for people to cultivate— bringing forth food from the earth: and **wine** to gladden the heart of man, oil to make his face shine and bread to strengthen man's heart.

17. (Ephesians 4:6) one God and Father of all, who *is* above all, and through all, and in you all.

18. (1 Timothy 5:8) Anyone who does not provide for their relatives, and especially for their own household, has denied the faith and is worse than an unbeliever.

43. The First Amendment guarantees freedoms concerning religion, expres-sion, assembly, and the right to petition. It forbids Congress from both promoting one religion over others and also restricting an individual's religious practices.

44. On September 9 and 15 of 2023, the City of Eastpointe, Deputy Chief Fire Marshall Alton Polk, and /or acting Eastpointe Police Officers Defendants named above, caused an unconstitutional search, without warrant or issuance of a citation and/or citation being dismissed, ultimately and eventually seizing Plaintiff

15

property under authority of IFC Code 105.3.3, Pacc 802.04, and/or other Codes, which deprived and or assisting in the deprivation of Plaintiff's First Amendment rights to freely practice his religious beliefs, economic liberties, peaceable assembly, use of his personal/or private property as he sees fit, and did so without affording Plaintiff with any due process or legal forum to contest before or after Locking up of 21901 Kelly Rd, on September 15,2023, which was the actual date plaintiff property was finally seized.

45. Although Plaintiff was not selling liquor, on September 8, 9, and 15, 2023, the very Tithe of the bible, which Churches often misconstrue, use to capitalize from sin, and steal from its member, specifically authorize the buying or selling of liquor, beer, wine, and other fermented drinks under God's Tithe pursuant to Deut: 14:22-26, which states (KJV):

Thou shalt truly tithe all the increase of thy seed, that the field bringeth forth year by year.    And thou shalt **eat** (not give it away to the Pastor) before the LORD thy God, in the place which he shall choose to place his name there, the tithe of thy corn, of thy wine, and of thine oil, and the firstlings of thy herds and of thy flocks; that thou mayest learn to fear the LORD thy God always.    And if the way be too long for thee, so that thou art not able to carry it; *or* if the place be too far from thee, which the LORD thy God shall choose to set his name there, when the LORD thy God hath blessed thee:    Then shalt thou turn *it* (the tithe)into money, and bind up the money in thine hand, and shalt go unto the place which the LORD thy God shall choose:    And thou shalt **bestow** that money **for whatsoever thy soul lusteth after, for oxen, or for sheep, or for WINE, or for STRONG DRINK, or for whatsoever thy soul desireth: and thou shalt eat (**not give it away to the pastor) **there before the LORD thy God**, and thou shalt rejoice, thou, and thine household.  See KJV

46. The Literal Standard Version of that same Chapter and verse reads:

You certainly tithe all the increase of your seed which the field is bringing forth year by year;    and you have **eaten** before your God YHWH, in the place where He chooses to cause His Name to dwell, the tithe of your grain, of your new wine, and of your oil, and the firstlings of your herd, and of your flock, so that you learn to fear your God YHWH [for] all the days.    And when the way is too much for you, that you are not able to carry it—when the place is too far off from you which your God YHWH chooses to put His Name there, when your God YHWH blesses you—    then you have given [it] in money, and have bound up the money in your hand, and gone to the place on which your God YHWH fixes;    **and you have given the money for anything which your soul desires, for oxen, and for sheep, and for wine, and for strong drink, and for anything which your soul asks for, and you have eaten before your God YHWH there**, and you have rejoiced, you and your house.  See Literal Standard Version

47. On September 8th, 9th , 15th, and 18th of 2023, City of Eastpointe, Deputy Chief Fire Marshall Alton Polk, Eastpoint Police officers, and/or Zoning Administrator could not claim public interest, public heath, zoning, planning, public safety or fire codes were of concern due Plaintiff's free exercise of his religious right to not forsake assembly, dance to music, drink alcohol or minister to like-minded people because public interest, public health, zoning, planning, public safety or fire codes were never of any importance or concerns to Eastpointe, Deputy Chief Fire Marshall Alton Polk, Eastpoint Police officers, or Zoning Administrator when the Previous owner was allowed to violate Zoning, Planning, Health, Fire, and safety laws by having dancing, rental space for events, a capacity limit of 250, without a sprinkler system for several years, while the actual capacity should only have been 100, as specified to Plaintiff's Aunt by Deputy Chief Fire

Marshall Alton Polk.

48. On September 8th, 9th, and/or 15th of 2023, the City of Eastpointe, its

Deputy Chief Fire Marshall Alton Polk, and /or Eastpoint Police Officers, under

the authority of IFC Code (A) 105.3.3, deprive and/or assisted in the deprivation of

Plaintiff's religious right to congregate, not forsake assembly, dance, drink alcohol

and minister to likeminded people, and be free of any and all license requirement

in the exercise of his religious and property use rights, of which was done without

affording due process or issuance of a citation (At one point or another), before

shutting him down, locking up his property, and removing of Plaintiff religious

assembly, which infringed him from the free exercise of dancing, being merry,

cheerful, and with others.

49. In addition, the City of Eastpointe's selective zoning and planning

requirements requiring the Plaintiff comply with IFC Code (A)105.3.3, Pacc

802.04, Zoning, Planning, Fire or other codes, or even force Plaintiff to obtain a

business license or comply with zoning and planning ordinances before Plaintiff

can enjoy the exercise of his religious practices, assemblies, economic liberty, and

do as he please within his private property, violates the First Amendment. See

Edwards v. District of Columbia, 755 F.3d 996 (D.C. Cir. 2014).

50. The City of Eastpointe's licensing, zoning, planning, and application

Scheme, policy, or customs for commercial property owners requires fees, approval, inspections, improvements, and permission from Eastpointe (which can be selectively denied) before owners can exercise their rights of ownership, use and possession, occupancy, and economic liberty within, contrary to the rights concerning peaceful assembly and economic liberty guaranteed by the First and Fifth Amendments, which are indeed unconstitutional, and infringes upon a property owner's right to choose, its right of use of property, occupation, business plan, or follow his or her dream, which is protected under Fifth and fourteenth Amendment.

51. Again, Plaintiff has the right [to free religious expression] to dance, assemble, drink alcohol, have topless entertainment, use personal property, and economic liberty in the exercise of said conduct under the First Amendment, which the City of Eastpointe and/or Deputy Chief Fire Marshall Alton Polk deprived or assisted in deprivations of plaintiff's First Amendment right, and plaintiff can and will prove the following elements by a preponderance of the evidence:

1. The plaintiff was engaged in constitutionally protected activity of religious assembly, dance, and fellowship, on September 15 of 2023, which was infringed upon, without warrant, notice, issuance of a citation, and without afford due process before or after infringement, searching, seizing, and/or the taking of Plaintiff property, by the Deputy Chief Fire Marshall Alton Polk.

2.    The defendants' actions against the plaintiff would chill a person of ordinary firmness from continuing to engage in the protected activity; and

3.    The plaintiff's free exercise of his religious practices, assembly and/or rights to use, possession, and occupancy of his property was a substantial or motivating factor in the Deputy Chief Fire Marshall Alton Polk's conduct and/or deprivations.

51. Indeed, the plaintiff's free exercise of his religious practices, inside his personal property, such as peaceable assembly within, dancing within, drinking alcohol if so desired, was guaranteed and established under the First Amendment religious rights, which protected under the Fifth and Fourteenth Amendments, and therefore, the first element above requires no proof.

52. As a result of the Defendants actions, Plaintiff hereafter requests a declaratory relief judgment, which declares that the City of Eastpointe, Deputy Fire Marshall Chief Polk, Eastpoint Police Officers D. Decker, other unknown Police Officers and Firemen of Eastpointe, and/or the Zoning Administrator-Brigitte Smith's selective enforcement of IFC Code (A) 105.3.3, Zoning and Planning Ordinances, and other Codes, against Plaintiff on September 15, and 18 of 2023, was unconstitutional, done in violation of the 1st amendment religious rights exercised in paragraph 42 above, done in violation of the due process clause found in both the Fifth and Fourteenth Amendment of the U.S Constitution, the Equal protection Clause under the 14th Amendment (as a result of City of

Eastpointe, Deputy Chief Fire Marshall Alton Polk, and /or Eastpointe Police

Officers selective enforcement of IFC Code(A) 105.3.3, capacity violations, and

other Codes which the previous owner was allowed to not follow, bypass, and /or

circumvent, and/or treating plaintiff differently from the previous owner regarding

the same issues or property (Zoning Ordinances)), and order that injunctive relief

which shall cause the City of Eastpointe, Deputy Fire Chief, Zoning Administrator,

and/or Eastpointe Police Officers to be restraint from hindering plaintiff occupancy

possession, use, or assembly within 21901 Kelly Rd, and permanently restraining

all defendants' named herein from the future infringements and/or selective denial

of plaintiffs' request for business license, or occupancy, or occupational

permission to enjoy his rights of the free exercise of his religious beliefs or practice

inside or outside his personal /private property.

## COUNT II
## FOURTH AMENDMENT VIOLATIONS

The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized.

53. On September 8 and 9 of 2023, Plaintiff's property was unreasonably

entered, searched, without warrant, by City of Eastpointe Police Officer D. Decker

and Alaa Hussein, while Plaintiff was in the free exercise of his rights to peaceable

assembly, dance, religious beliefs, contract, economic liberty, enjoyment and/or

use of his personal and/or private property which is guaranteed by the constitution.

54. On September 8 and 9 of 2023, Plaintiff's property was unreasonably

entered, searched, without warrant, and eventually shut down on 9-9-2023 at 1:08

AM, by Eastpointe Police Officer D. Decker and Alaa Hussein under the authority

Or direction of Det/Sgt. Joshua Ignace, as a result of Plaintiff's alleged failure to

comply with PACC 802. 04, (A), causing Plaintiff to be deprived of his rights to

free exercise of religious rights to peaceable assembly, dance, economic liberty,

enjoyment and use of personal and private property, without infringement, zoning

and planning ordinances, city inspections or license requirements.  (See v. City of

Seattle, 387 U.S. 541 (1967) which requires warrant be issued to search for city

code violations within commercial warehouse or Property).

55. Again, on 9-15-2023, the City of Eastpointe, Defendant Deputy Chief

Fire Marshall Alton Polk, and /or Eastpoint Police Officers and firemen, under the

authority of its selective enforcement of IFC Code (A) 105.3.3, assisted and/or

caused deprivations of Plaintiff's Constitutional right not to have his property

searched and seized by Defendants, who did not have any probable cause and/or

witnessed a misdemeanor or felony being committed, who did not have consent

from Plaintiff, or warrant supported by oath or affidavit, or even issue a citation for

the civil violation under IFC Code (A) 105.3.3, on September 15,2023.

56. On September 8th ,9[th] , and 15th of 2023, the City of Eastpointe,

Deputy Chief Fire Marshall Alton Polk, nor Eastpoint Police officers could claim

public interest, public heath, or public safety was of concern due to Plaintiff's

failure to comply with IFC (A)105.3.3, or PACC 802.04 because public interest,

public health, Fire or public safety issues were never of importance or concerns to

Eastpointe, Deputy Chief Fire Marshall Alton Polk nor Eastpointe Police Officers

when the previous owner was allowed to violate Health, Safety and Fire Codes, by

having a capacity limit of 250, without a sprinkler system for many years, while

the actual capacity should only have been 100, as specified to Plaintiff's Aunt, by

Deputy Chief Fire Marshall Alton Polk.

57. Again, on the night Plaintiff's property was searched and eventually

seized, under the authority of the Deputy Chief Fire Marshall Alton Polk, which

was September 15, 2023, the Deputy Chief Fire Marshall Alton Polk never issued a

citation for the alleged civil offense of IFC(A)105.3.3, in which only gave Plaintiff

aunt a piece of Paper with City Codes on it, his business card, and stated " I'm

shutting you down".

58. As a result of Defendants' action specified under this count, and/or their

unwanted entry, warrantless search, and seizure of Plaintiff property on September

9 and 15 of 2023, while Plaintiff's conduct was only in the free exercise of his

religious and constitutional rights, Plaintiff hereafter request a Declaratory Relief

Judgment, which declares that::

> A: the City of Eastpointe, Deputy Chief Fire Marshall Alton Polk, and /or Eastpointe Police Officers and Firemen' illegal entry, searches and Seizure of Plaintiff property, on September 15th of 2023, under the authority of IFC (A) 105.3.3, PACC 802.04, and other Codes, without a warrant, or issuance of a citation, violated Plaintiff's Constitutional right to be free from unreasonable search and seizure under the fourth amendment of the U.S. Constitution, which further infringed upon Plaintiff's 1st amendment religious rights exercised in paragraph 42 above, violated Plaintiff's right to due process found in both the Fifth and Fourteenth Amendments of the U.S Constitution, and violated the Equal protection Clause under the14[th] Amendment, (as a result of City of Eastpointe, Deputy Chief Fire Marshall Alton Polk, Zoning Adminstrator and /or Eastpointe Police Officers selective enforcement of IFC Code (A)105.3.3, Zoning ordinances, capacity codes and other Codes, which the previous owner openly was allowed to not follow, bypass, and/or circumvent, and/or treated differently from the plaintiff regarding the same issues or property).

> B: Request this court issue injunctive relief which shall cause the City of Eastpointe, Deputy Chief Fire Marshall Alton Polk, and/or Eastpointe Police Officers to refrain from limiting plaintiff of use or occupancy of his property or Infringements of plaintiff's rights to exercise his religious beliefs or practices inside his personal /private property permanently; and

> C: Compensate Plaintiff for all the harassment, embarrassment, hassle, invasion of Privacy, damage to reputation, revenue loss on 8, 9, and 15, of September 2023, and revenue loss starting from 9-8-2023 until the date Eastpointe actually issues the "license", which further deprive and/or assisted in the deprivation of Plaintiff's religious right to

congregate, not forsake assembly, dance, drink alcohol and minister to likeminded people, and be free of any and all license requirement while in the exercise of his religious and private property use rights, all of which being done without affording due process or issuance of a citation and/or citation being dismissed (at one point or another) before shutting down, boarding up, or removal of Plaintiff's religious assembly from dancing and/or private religious exercise.

## COUNT III
## FIFTH AMENDMENT VIOLATION

No person shall be held to answer for a capital, or otherwise infamous crime, unless on **a presentment** or indictment of a Grand Jury, except in cases arising in the land or naval forces, or in the Militia, when in actual service in time of War or public danger; nor shall any person be subject for the same offence to be twice put in jeopardy of life or limb; nor shall be compelled in any criminal case to be a witness against himself, nor be deprived of life, liberty, or property, without due process of law; nor shall private property be taken for public use, without just compensation.

59. On September 15, 2023, the Deputy Fire Chief, along with 3-4 Eastpointe Police and 3-4 firemen, searched and seized Plaintiff's property for fire code violations, without issuance of a citation or presentment for those code violations, before ultimately shutting Plaintiff down, disbursing Plaintiff's peaceable and religious assembly, and placing lock on his doors, making his property inaccessible to him and contractor who were promoting for the night.

60. No procedures, citations, presentment, notice or other avenue was given to contest, petition, or seek redress concerning the actions of the Deputy Chief Fire Marshall Alton Polk, on 9-15-2023, or retrieving Plaintiff property from Deputy

Chief Fire Marshall Alton Polk's seizure, other than by Deputy Fire Chief forceful directions to "go down and apply to the City Clerk for Business license, which was ultimately denied within 58 minutes of completing the application process. (**Exhibit D and E**)

61. Indeed, Plaintiff's right under the Fifth Amendment, as a result of the Deputy Chief Fire Marshall Alton Polk's failure to even issue plaintiff a citation, provide due process, or avenues to retrieve or contest the closure of his property, without just compensation for his losses incurred through the Deputy Chief Fire Marshall Alton Polk's (under the authority of the City of Eastpointe) confiscation of Plaintiff's property on 9-15-2023.

62. As a result of Defendant Deputy Chief Fire Marshall Alton Polk's actions specified under this count, and/or it's failure to even issues a citation before his unwanted entry, and warrantless search and seizure of Plaintiff's property on Sept. 15 of 2023, while Plaintiff's conduct was solely in the free exercise of his Religious, occupational liberty, and constitutional rights, Plaintiff hereafter request a Declaratory Relief Judgment, which declares that:

> A: the City of Eastpointe, Deputy Chief Fire Marshall Alton Polk, and /or Eastpointe Police and Fireman Officers' selective enforcement and warrantless search and seizure of plaintiff property, on September 15, 2023, under the authority of IFC (A)105.3.3 or PACC 802.04, and failure to issue a citation, complaint, or presentment before closure of Plaintiff' property, violated Plaintiff's Constitutional right under the

Fifth Amendment not to have his property taken, without being convicted or charged with a crime, civil infraction, city code, or the issuance of a citation, or provide Plaintiff with due process or just compensation, further infringing upon Plaintiff's 1st Amendment religious rights exercised in paragraph 42 above, infringed Plaintiff's right to due process found in both the Fifth and Fourteenth Amend -ments to the U.S Constitution, and violated the Equal protection Clause under the14[th] Amendment, (as a result of City of Eastpointe, Deputy Fire Chief, City Manager, and /or Eastpointe Police Officers And Firemen's selective enforcement of IFC Code(A)105.3.3, Zoning Ordinances, capacity limits, and/or other Codes, which the previous owner openly was allowed to not follow, bypass, and/or circumvent, and/or treated differently from the plaintiff regarding the same issues or property).

B: Request this court issue injunctive relief which shall cause the City of Eastpointe, Deputy Chief Fire Marshall Alton Polk, and/or Eastpointe Police Officers and Firemen to refrain from denying Plaintiff from use, possession, occupancy, or exercising his religious practices and rights and rights to economic liberties, occupation, and occupancy within 21901 Kelly Rd, and refrain or restrain all Defendants from future infringements of plaintiff's rights to exercise his religious beliefs practices inside his personal /private property permanently, without fulfilling the requirement under the Fifth Amendment first; and

C: Compensate Plaintiff for all the harassment, embarrassment, hassle, invasion of Privacy, damage to reputation, revenue lost on 8, 9, and 15, of September 2023, and revenue loss starting from 9-8-2023 until the date Eastpointe actually issues the "license" which deprive and/or assisted in the deprivation of Plaintiff's religious right to congregate, not forsake assembly, dance, drink alcohol and minister to likeminded people, and be free of any and all license requirement for the exercise of his religious and private property use rights, all without affording due process, issuance of a citation, or the citation being dismissed (at one point or another) before the shutting down, boarding up, or removal of Plaintiff's religious assembly from dancing and/or private religious exercise; and

D. Compensate Plaintiff pursuant to the Just Compensation Clause under the Fifth Amendment for losses sustained as a result of the warrantless seizure of his property on 9-15-2023, and damage to Plaintiff's reputation.

## COUNT IV
## FOURTEENTH AMENDMENT

All persons born or naturalized in the United States, and subject to the jurisdiction thereof, are citizens of the United States and of the State wherein they reside. No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws.

63. The Supreme Court has construed the Fourteenth Amendment's Due Process Clause to impose the same procedural due process limitations on the states as the Fifth Amendment does on the Federal Government. Arnett v. Kennedy, 416 U.S. 134 (1974); see also Amdt5.6.1 Overview of Due Process Procedural Require -ments to Amdt5.6.3 Military Proceedings and Procedural Due Process.

64. Broadly speaking, procedural due process requires state and local actors to provide certain procedural protections before they deprive a person of any protected life, liberty, or property interest. Morrissey v. Brewer, 408 U.S. 471, 481 (1972)

65. Unless one of those protected interests is at stake, the Due Process Clause does not apply. Board of Regents v. Roth, 408 U.S. 564, 569–71 (1971)

( "The requirements of procedural due process apply only to the deprivation of interests encompassed by the <u>Fourteenth Amendment</u>'s protection of liberty and property. When protected interests are implicated, the right to some kind of prior hearing is paramount. But the range of interests protected by procedural due process is not infinite.")

66. When considering whether a protected interest is at stake, the Supreme Court traditionally looked to the common understanding of the terms "life," "liberty," and "property," as embodied in the common law.

67. The Court has always accepted that the liberty interest includes the interest in freedom from physical restraint (E.g., Allgeyer v. Louisiana, 165 U.S. 578, 588 (1897)) and the property interest attaches to the ownership of personal and real property. (E.g., McMillen v. Anderson, <u>95 U.S. 37</u>, 40 (1877) ("The revenue laws of a State may be in harmony with the <u>Fourteenth Amendment</u> to the Constitution of the United States, which declares that no State shall deprive any person of life, liberty, or property without due process of law." )

68. Again, and as stated above, on the night Plaintiff's property was searched and eventually seized, under the authority of the Deputy Chief Fire Marshall Alton Polk, on September 15, 2023, the Deputy Chief Fire Marshall

Alton Polk never even issued a citation for the alleged offense of IFC (A)105.3.3, or PACC 802.04, he only gave Plaintiff's aunt a piece of Paper with City Codes on it, his business card, and stated " I'm shutting you down".

69. In addition, after being forcefully removed from his property, without warrant, issuance of a citation, or given due process before being forcibly removed on 9-15, 2023, Plaintiff was then forced to apply to the City of Eastpointe's Clerk, for business license and/or permit for occupancy, which was denied by the Zoning and Planning Administrator, violating Plaintiff right of use, occupational freedoms, and ownership, again forcing plaintiff to change what he envisioned the property could be, as stated in paragraphs 17 and 18 above.

70. But, no procedures, citations, presentments, notices or other avenues were given for plaintiff to contest, petition, or seek redress concerning the actions of the Deputy Chief Fire Marshall Alton Polk, on 9-15-2023, other than comply with the Deputy Chief Fire Marshall Alton Polk's forceful directive that Plaintiff go down and apply to the City Clerk for Business license, in order to occupy, use, or exercise religious freedoms, which ultimately was denied, by the Zoning Administrators Brigitte Smith, through her selectively enforcement of zoning ordinance, within 58 minutes of completing the application process. (**Exhibit D and E**).

71. In support of this Count (IV), plaintiff totally relies upon the allegations

made in Count I, II, III, V and VI, or more specifically, Defendants failure to

provide a citation, warrant, or due process in connection with the search, seizure,

and infringement upon Plaintiff's religious, property use, privileges and immunity

under U.S. Constitution, on September 15, 2023, or other rights named or unnamed

herein.

72. As a result of Deputy Chief Fire Marshall Alton Polk's search and

seizure of Plaintiff property, on September 15, 2023, without issuance of a citation,

and without due process, and the City of Eastpointe's selective denial of Plaintiff's

business license application by the Zoning and Planning Administrators, on

September 18, 2023, although the previous owner was conducting the same

business Plaintiff applied for, Plaintiff hereafter request a Declaratory Relief

Judgment, which declares that::

> A: the City of Eastpointe, Deputy Chief Fire Marshall Alton Polk,
> Eastpointe Police Officers and Firemen and/or Zoning and Planning
> Administrator's selective enforcement, search, and seizure or denial of
> use of property, and/or through its selective denial of Plaintiff's
> business license application under the authority of IFC (A) 105.3.3,
> PACC 802.04 et.al, Zoning and Planning Ordinances, and other
> Codes, without warrant, charged with a criminal or civil offense or
> issuance of a citation, equal protection, or due process being provided
> violated Plaintiff's Constitutional right to be free from unreasonable
> search and seizure, which further infringed upon Plaintiff's 1st
> amendment religious and economic liberty rights exercised in
> paragraph 42 above, violated Plaintiff's right to due process found in
> both the Fifth and Fourteenth Amendment of the U.S Constitution

and/or right to be provided a venue to contest their search, seizure, and/or denial of usage or property, and violated the Equal protection Clause under the 14th Amendment, (as a result of City of Eastpointe, Deputy Chief Fire Marshall Alton Polk, and /or Eastpointe Police Officers and Firemen, and/or Zoning and Planning administrator's selective enforcement of IFC Code (A) 105.3.3, Zoning ordinances, capacity violations, and other Codes, which the previous owner openly was allowed to not follow, bypass, and or circumvent, and/or treated differently from the plaintiff regarding the same issues or property).

B: Request this court issue injunctive relief which shall cause the City of Eastpointe, Deputy Chief Fire Marshall Alton Polk, Zoning and Planning Administrators and /or Eastpoint Police Officers and Firemen to refrain from depriving Plaintiff of his right to use his personal and private property as he sees fit, or future infringement upon his religious practices within 21901 Kelly Rd,

C: Compensate Plaintiff for all the harassment, embarrassment, hassle, invasion of Privacy, damage to reputation, loss of usage, and revenue lost from the 8th of September 2023, to the date of approval of Plaintiffs forced restaurant business license by the zoning and planning administra -tors, who indeed deprives and/or assist in the deprivations of plaintiff's religious right to congregate, not forsake assembly, dance, drink alcohol, minister to likeminded people, right to use property, and be free of any and all license requirements while in the free exercise of his religious and private property usage rights, which was done all without affording due process or issuance of a citation (at one point or another) to Plaintiff, or Equal Protection before shutting down, boarding up, or removal of Plaintiff's religious assembly from dancing and/or private religious exercise, and /or denial of plaintiff's dreams or business license.

## **COUNT V**
## **42 U.S.C 1983 VIOLATIONS**

Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction

thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable. For the purposes of this section, any Act of Congress applicable exclusively to the District of Columbia shall be considered to be a statute of the District of Columbia.

73. Plaintiff's claims of Constitutional violations, under 42 U.S.C 1983, arises from the City of Eastpointe, Deputy Chief Fire Marshall Alton Polk, Eastpointe Police officers or Firemen, and/or Zoning and Planning Administrator's selective enforcement of City codes, illegal search, illegal seizure of plaintiff property, and/or the selective and bias denial of Plaintiff's business license application under the authority of Eastpointe Codes, without providing Plaintiff with an avenue or due process to contest either its warrantless searches and seizures, and/or denial of plaintiff's use of personal and private property under Zoning and Planning ordinances, City codes, Fire Codes, laws, or ordinances.

74. A local governing body is not liable under § 1983 "unless action pursuant to official municipal policy of some nature caused a constitutional tort." *Monell v. Dep't of Social Servs. of City of N.Y.*, 436 U.S. 658, 691 (1978). *But see* Instruction 9.7 (Section 1983 Claim Against Local Governing Body Defendants Based on Ratification—Elements and Burden of Proof) (addressing ratification and causation). "[A] municipality cannot be held liable under §1983 on a respondeat

superior theory." *Monell*, 436 U.S. at 691.

75. An institutional defendant, such as a school district or municipality, is not entitled to qualified immunity. *See Owen v. Independence*, 445 U.S. 622, 638 (1980) (holding that "municipality may not assert the good faith of its officers or agents as a defense to liability under § 1983").

76. "The 'official policy' requirement 'was intended to distinguish acts of the *municipality* from acts of *employees* of the municipality,' and thereby make clear that municipal liability is limited to action for which the municipality is actually responsible." *Pembaur v. City of Cincinnati,* 475 U.S. 469, 479-80 (1986) (emphasis in original). (Because there are several ways to establish Monell liability *see Christie v. Iopa*, 176 F.3d 1231, 1235 (9th Cir. 1999), the Committee also includes in this chapter separate elements instructions for several bases of such liability (Instructions 9.5, 9.6, 9.7, and 9.8).

77. The elements of a § 1983 claim are (1) the action occurred "under color of state law" and (2) the action resulted in the deprivation of a constitutional right or federal statutory right. *Long v. County of Los Angeles*, 442 F.3d 1178, 1185 (9th Cir. 2006) (citing *West v. Atkins*, 487 U.S. 42, 48 (1988)).

78. In order to be individually liable under § 1983, an individual must

personally participate in an alleged rights deprivation. *Avalos v. Baca*, 596 F.3d 583, 587 (9th Cir. 2010).

79. "In a § 1983 action, the plaintiff must also demonstrate that the defendant's conduct was the actionable cause of the claimed injury." *Harper v. City of Los Angeles*, 533 F.3d 1010, 1026 (9th Cir. 2008). "To meet this causation requirement, the plaintiff must establish both causation-in-fact and proximate causation." *Id.*

80. Section 1983 authorizes civil actions for the "deprivation of any rights . . . secured by the Constitution and laws" against a party acting under color of state law. 42 U.S.C. § 1983. Known as a "Monell claim," an individual may prevail in a § 1983 action against "municipalities, including counties and their sheriff's departments," if the "unconstitutional action 'implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers.'" Rivera LOCKETT V. COUNTY OF LOS ANGELES v. Cnty. of Los Angeles, 745 F.3d 384, 389 (9th Cir. 2014) (quoting Monell, 436 U.S. at 690)

81. On September 8th, 9th, and 15th of 2023, the City of Eastpointe, its Deputy Chief Fire Marshall Alton Polk, and /or Eastpointe Police Officers and Firemen, assisted and/or ordered and/or denied, under the authority, policies and/or

customs of IFC Code (A) 105.3.3, PACC 80, or other City Ordinances, its agents

to deprive or assisted in the deprivation of Plaintiff's religious right to congregate,

not forsake assembly, dance, drink alcohol, minister to likeminded people, and be

free of any and all license requirement while engaged in the free exercise of his

religious and property use rights, of which was done without affording due process

to plaintiff, all before eventually shutting him down, boarding or locking his

property up, removal and/or stoppage of Plaintiff religious assembly (on several

occasions), which infringed him from the free exercise of dancing, being merry,

cheerful, with others, in violation of the guarantees and protections afforded to

plaintiff under the 1st, 4th, 5th, and 14th rights of the Federal Constitution of the

United States of America.

82. In addition, City of Eastpointe's Zoning and Planning Administrator 's

Custom or Policy of selective enforcement of Zoning and Planning Ordinances,

and without affording Plaintiff Equal protection, as afforded to the previous owner,

in its September 18,2023 denial of Plaintiff personal plans, usage, business license

and/or occupancy, for his personal property purchased at 21901 Kelly Rd, on July

31,2023, also violated Plaintiff's right to procedural due process under the fifth and

fourteenth amendments of the Constitution.

83. The City of Eastpointe is subject to liability under § 1983 only when the

violations of the plaintiff's federally protected right can be attributable to the enforcement of a municipal policy, practice, or decision of a final municipal policy maker. ( i.e. Zoning and Planning Ordinances and/or Business licensing, selective capacity limits, selective enforcement of zoning and planning ordinances).

84. The City of Eastpointe's liability is based on (1)  their express municipal policy, such as its bias, partial, and selective Zoning and Planning ordinances, bias regulation, policy statement, Fire Code, capacity limits, licensing or Inspection requirement which are mandatory before occupancy, use, or peaceable assembly; (2) a wide spread practice that, although may or may not be authorized by written law or express municipal policy, is 'so permanent and well settled as to constitute a custom or usage' with the force of law" or (3) the decision of Eastpointe City Counsel has "final policymaking authority as to how Plaintiff exercises his rights of use of property, rights of economic liberty, rights to occupational freedoms, rights to assemble peacefully, and exercise his religious right to dance, drink alcohol, and minster to likeminded people.

85. In support of this Count (V), plaintiff totally relies upon the allegations made in Count I, II, III, IV and VI, or more specifically, Defendants' as a whole or in part, failure to provide a citation, warrant, or due process in connection with the search, seizure, and infringement upon Plaintiff's religious, property use, and Cons

37

-titutional rights, on September 15, 2023, or other rights named or unnamed herein, in addition to the Zoning and Planning Administrator's selective enforcement of zoning and planning ordinances, and denial of plaintiff's business and/or occupan -cy licenses, on September 18, 2023, without just cause, equal protection, providing procedural due process or impartial avenue to contest the Zoning and Planning Administrator's selective denial.

86. As a result of the Deputy Chief Fire Marshall Alton Polk's search and seizure of Plaintiff property, on September 15, 2023, without issuance of a citation warrant, or providing due process to Plaintiff under the fourth, Fifth and fourteenth amendments, while Plaintiff was in free exercise of his religious and property usage right afforded to him under the 1st, and protected under the 5th, and 14th Amendments of the Constitution, and the City of Eastpointe's zoning and planning Administrator Smith's selective denial of Plaintiff' business plans, application, occupancy or personal usage on September 18, 2023, without affording equal protection, as the previous owner was afforded, Plaintiff hereafter request a Declaratory Relief Judgment, which declares that:

> A: the City of Eastpointe, Deputy Chief Fire Marshall Alton Polk,
> Eastpointe Police, and/or Zoning and Planning Administrator's
> selective enforcement, search, seizure of plaintiff property, and/or the
> denial of Plaintiff's business license application under the authority of
> IFC (A) 105.3.3, PACC 802.04, Zoning and planning ordinances, and
> other Codes, without a warrant, or issuance of a citation, or due process

provided violated Plaintiff's Constitutional right to be free from unreasonable search and seizure, which further infringed upon Plaintiff's 1st amendment religious rights exercised in paragraph 42 above, violated Plaintiff's right to due process found in both the Fifth and Fourteenth Amendment of the U.S Constitution and/or right to be provided an impartial venue to contest their search, seizure, and/or denial, and violated the Equal protection Clause under the14th Amendment, (as a result of City of Eastpointe, Deputy Chief Fire Marshall Alton Polk, and /or Eastpointe Police Officers, and/or Zoning and Planning administrator's selective enforcement of IFC Code (A) 105.3.3, Zoning ordinances, capacity violations, and other Codes, which the previous owner openly was allowed to not follow, bypass, and/or circumvent, and/or treated differently from the plaintiff regarding the same issues or property).

B: Request this court issue injunctive relief which shall cause the City of Eastpointe, Deputy Chief Fire Marshall Alton Polk, and /or Eastpoint Police Officers to refrain all Defendants from future infringe -ments of plaintiff's rights to exercise his religious beliefs practices inside his personal /private property permanently; and

C: Compensate Plaintiff for all the harassment, embarrassment, hassle, invasion of Privacy, damage to reputation, and revenue lost from the 8th of September 2023, to the date the City of Eastpointe actually approves its forced restaurant plans and/or license, which deprive and/or assisted in the deprivation of Plaintiff's religious right to congregate, not forsake assembly, dance, drink alcohol and minister to likeminded people, right to property and be free of any and all license requirement for the exercise of his religious and private property use rights, all without affording due process or issuance of a citation (at one point or another)to Plaintiff before shutting down, boarding up, or removal of Plaintiff's religious assembly from dancing and/or private religious exercise, and/ or denial of plaintiffs business plans or license.

## COUNT VI
## CIVIL CONSPIRACY

87. Under Michigan law, "[a] civil conspiracy is a combination of two or more

persons, by some concerted action, to accomplish a criminal or unlawful purpose, or

to accomplish a lawful purpose by criminal or unlawful means." Admiral Ins. Co. v.

Columbia Cas. Ins. Co., 486 N.W.2d 351 (Mich. Ct. App. 1992).

88. "[T]he plaintiff must show that 'there is a single plan, that the alleged

coconspirator shared in the general conspiratorial objective, and that an overt act

was committed in furtherance of the conspiracy that caused injury to the

complainant.'" Roche Diagnostics Corp. v. Shaya, 427 F. Supp. 3d 905, 924 (E.D.

Mich. 2019) (quoting Hooks v. Hooks, 771 F.2d 935, 944 (6th Cir. 1985)).

89. The existence of an agreement may be inferred from the "circumstances,

acts and conduct of the parties." Fremont Reorganizing Corp. v. Duke, 811 F. Supp.

2d 1323, 1341 (E.D. Mich. 2011) (quoting Temborius v. Slatkin, 403 N.W.2d 821,

828 (Mich. Ct. App. 1986)).

90. Importantly though, "[c]ivil conspiracy is not a claim of its own; 'it is

necessary to prove a separate, actionable tort.'" Prudential Def. Sols., Inc. v.

Graham, No. 20-11785, 2020 WL 6382862, at *9 (E.D. Mich. Oct. 30, 2020)

(quoting Advoc. Org. for Patients & Providers v. Auto Club Ins. Ass'n, 670 N.W.2d

569, 580 (Mich. Ct. App. 2003) and Early Detection Center, P.C. v. N.Y. Life Ins.

Co., 403 N.W.2d 830, 836 (Mich. Ct. App. 1986)); see also McCarthy v. Sosnick,

No. 293482, 2011 WL 4424344 (Mich. Ct. App. Sept. 22, 2011) (reiterating that "any civil conspiracy must be accompanied by a separate, actionable tort."); Michigan Non-Standard Jury Instr. Civil § 15:1 (listing as an element that must be proved, "The defendant committed a separate, actionable tort as part of the conspiracy.").

91. On September 8 and 9, of 2023, City of Eastpointe Police Officer D. Decker and Officer Alaa Hussein came to 21901 Kelly, based on the instructions of Det/Sgt Joshua Ignace who conspired, without a warrant, to searched the premises in violation of the Fourth Amendments of the Federal Constitution.

92. On September 9, of 2023, City of Eastpointe Police Officer D. Decker and Officer Alaa Hussein came to 21901 Kelly, based on the instructions of Det /Sgt Joshua Ignace, to conspire, without a warrant, to searched the premises, eventually issuing a citation to an employee, which was later dismissed by the lower 38th district court on September 25,2023.  (**Exhibit G**- Dismissal)

93.  Conspiring with the City of Eastpointe and/or others, Deputy Chief Fire Marshall Alton Polk's search and seizure of Plaintiff property, on September 15, 2023, without issuance of a citation, warrant, or providing due process to Plaintiff under the fourth, Fifth and fourteenth amendments.

94. On September 18,2023, Brigitte Smith, the Zoning Administrators for the City of Eastpointe, conspired with the City of Eastpointe, through the use of codes, policies, customs, and Ordinances, to deprive Plaintiff of personal rights to Occupancy, use of his property, free exercise of his religious and property usage right afforded to him under the 1st and protected under the 5th, and 14th Amendments of the Constitution.

95. Also, City of Eastpointe's zoning and planning Administrator Smith's conspired with the City of Eastpointe to selectively deny of Plaintiff' business plans, application, occupancy or personal usage on September 18, 2023, without affording Equal protection under the14th Amendment, (as a result of City of Eastpointe, and/or Zoning and Planning administrator's selective enforcement of Zoning ordinances, and other Codes,which the previous owner openly was allowed to not follow, bypass, and /or circumvent, and/or treated differently from the plaintiff regarding the same issues or property).

96. In support of this Count (VI), plaintiff totally relies upon the allegations made in Count I, II, III, IV and V, as a whole or in part.

## COUNT VII
## WAIVER OF IMMUNITY PLEADING

97."To overcome a defense of governmental immunity, the complaint must

specifically allege a waiver of governmental immunity." *Fabrikant v. Currituck Cnty.*, 174 N.C. App. 30, 38 (2005) (internal quotation marks omitted). *See also Paquette v. Cnty. of Durham*, 155 N.C. App. 415, 418 (2002) ("In order to overcome a defense of governmental immunity, the complaint must specifically allege a waiver of governmental immunity.").

98. Here, Officer D. Decker, Officer Alaa Hussein, Det/Sgt Joshua Ignace, the City of Eastpointe, Deputy Chief Fire Marshall Alton Polk, Brigitte Smith, and other assisting Eastpointe police officers and Firemen are not immune from suit and cannot claim immunity where it knowingly and willingly violated plaintiffs constitutional rights, as explained in Counts I-VI.

99. No particular language is necessary to allege a waiver of governmental Immunity, and all defendants named within the complaint hereafter waives its Immunity defenses.

## RELIEF SOUGHT

WHEREFORE Plaintiff prays this honorable court Grant injunctive relief, as specified in each Count, and Order Defendants to Compensate the Plaintiff for the Constitutional violations, deprivation of his Constitutional rights, loss of use of the Property located at 21901 Kelly Rd, and loss of income, in an amount not less than

$3.5 Million Dollars, in U.S. Currency.


Date: 10-30-2023

ANDRE DEWIGHT WEST
SIGNED UNDER THE PAINS AND
PENALITES OF PERJURY

JS 44 (Rev. 10/20)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Andre Dinest

## DEFENDANTS
City of Eastpointe Et. AL

**(b)** County of Residence of First Listed Plaintiff **Oakland**
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant **Macomb**
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1 U.S. Government Plaintiff
- [X] 3 Federal Question *(U.S. Government Not a Party)*
- [ ] 2 U.S. Government Defendant
- [ ] 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [X] 1 | [ ] 1 | Incorporated or Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated and Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| [ ] 110 Insurance | **PERSONAL INJURY**   **PERSONAL INJURY** | [ ] 625 Drug Related Seizure of Property 21 USC 881 | [ ] 422 Appeal 28 USC 158 | [ ] 375 False Claims Act |
| [ ] 120 Marine | [ ] 310 Airplane   [ ] 365 Personal Injury - | [ ] 690 Other | [ ] 423 Withdrawal 28 USC 157 | [ ] 376 Qui Tam (31 USC 3729(a)) |
| [ ] 130 Miller Act | [ ] 315 Airplane Product   Product Liability | | | [ ] 400 State Reapportionment |
| [ ] 140 Negotiable Instrument | Liability   [ ] 367 Health Care/ | | **PROPERTY RIGHTS** | [ ] 410 Antitrust |
| [ ] 150 Recovery of Overpayment & Enforcement of Judgment | [ ] 320 Assault, Libel &   Pharmaceutical Slander   Personal Injury | | [ ] 820 Copyrights | [ ] 430 Banks and Banking |
| [ ] 151 Medicare Act | [ ] 330 Federal Employers'   Product Liability | | [ ] 830 Patent | [ ] 450 Commerce |
| [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans) | Liability   [ ] 368 Asbestos Personal [ ] 340 Marine   Injury Product [ ] 345 Marine Product   Liability | | [ ] 835 Patent - Abbreviated New Drug Application [ ] 840 Trademark | [ ] 460 Deportation [ ] 470 Racketeer Influenced and Corrupt Organizations |
| [ ] 153 Recovery of Overpayment of Veteran's Benefits | Liability   **PERSONAL PROPERTY** [ ] 350 Motor Vehicle   [ ] 370 Other Fraud | **LABOR** | [ ] 880 Defend Trade Secrets Act of 2016 | [ ] 480 Consumer Credit (15 USC 1681 or 1692) |
| [ ] 160 Stockholders' Suits | [ ] 355 Motor Vehicle   [ ] 371 Truth in Lending | [ ] 710 Fair Labor Standards Act | | [ ] 485 Telephone Consumer Protection Act |
| [ ] 190 Other Contract | Product Liability   [ ] 380 Other Personal | [ ] 720 Labor/Management Relations | **SOCIAL SECURITY** | [ ] 490 Cable/Sat TV |
| [ ] 195 Contract Product Liability | [ ] 360 Other Personal   Property Damage Injury   [ ] 385 Property Damage | [ ] 740 Railway Labor Act | [ ] 861 HIA (1395ff) [ ] 862 Black Lung (923) | [ ] 850 Securities/Commodities/ Exchange |
| [ ] 196 Franchise | [ ] 362 Personal Injury -   Product Liability Medical Malpractice | [ ] 751 Family and Medical Leave Act | [ ] 863 DIWC/DIWW (405(g)) [ ] 864 SSID Title XVI | [ ] 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS**   **PRISONER PETITIONS** | [ ] 790 Other Labor Litigation | [ ] 865 RSI (405(g)) | [ ] 891 Agricultural Acts |
| [ ] 210 Land Condemnation | [X] 440 Other Civil Rights   **Habeas Corpus:** | [ ] 791 Employee Retirement Income Security Act | | [ ] 893 Environmental Matters |
| [ ] 220 Foreclosure | [ ] 441 Voting   [ ] 463 Alien Detainee | | **FEDERAL TAX SUITS** | [ ] 895 Freedom of Information Act |
| [ ] 230 Rent Lease & Ejectment | [ ] 442 Employment   [ ] 510 Motions to Vacate | | [ ] 870 Taxes (U.S. Plaintiff or Defendant) | [ ] 896 Arbitration |
| [ ] 240 Torts to Land | [ ] 443 Housing/   Sentence Accommodations   [ ] 530 General | | [ ] 871 IRS—Third Party 26 USC 7609 | [ ] 899 Administrative Procedure Act/Review or Appeal of |
| [ ] 245 Tort Product Liability | [ ] 445 Amer. w/Disabilities -   [ ] 535 Death Penalty | **IMMIGRATION** | | Agency Decision |
| [ ] 290 All Other Real Property | Employment   **Other:** [ ] 446 Amer. w/Disabilities -   [ ] 540 Mandamus & Other Other   [ ] 550 Civil Rights [ ] 448 Education   [ ] 555 Prison Condition   [ ] 560 Civil Detainee -   Conditions of   Confinement | [ ] 462 Naturalization Application [ ] 465 Other Immigration Actions | | [ ] 950 Constitutionality of State Statutes |

## V. ORIGIN *(Place an "X" in One Box Only)*

- [X] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*: **42 USC 1983**

Brief description of cause: **Monell claim / Illegal search and seizure**

## VII. REQUESTED IN COMPLAINT:
- [ ] CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: [X] Yes [ ] No

## VIII. RELATED CASE(S) IF ANY
*(See instructions)*

JUDGE _____ DOCKET NUMBER _____

DATE **10/30/23**

SIGNATURE OF ATTORNEY OF RECORD

## FOR OFFICE USE ONLY

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

PURSUANT TO LOCAL RULE 83.11

1.        Is this a case that has been previously dismissed?        ☐ Yes
                                                                     ☑ No

If yes, give the following information:

Court: _____

Case No.: _____

Judge: _____


2.        Other than stated above, are there any pending or previously
          discontinued or dismissed companion cases in this or any other
          court, including state court? (Companion cases are matters in which        ☐ Yes
          it appears substantially similar evidence will be offered or the same        ☑ No
          or related parties are present and the cases arise out of the same
          transaction or occurrence.)

If yes, give the following information:

Court: _____

Case No.: _____

Judge: _____


Notes : _____